**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**LILLIAN GALMORE**                                                        **PLAINTIFF**

**V.**                                                        **NO. 4:20-CV-212-DMB-JMV**

**SUMMIT GARDEN APARTMENTS,**
**LLC, et al.**                                                        **DEFENDANTS**

**ORDER**

Lillian Galmore seeks to conduct remand-related discovery to refute Summit Garden Apartment's assertion that Demetrius Stevenson-Williams was fraudulently joined to defeat diversity jurisdiction. Because Galmore has not demonstrated the necessity for such discovery much less specified how such discovery would be specifically tailored to the jurisdictional issue, remand-related discovery will be denied.

**I**
**Procedural History**

On October 16, 2020, Lillian Galmore filed an amended complaint[1] in the Circuit Court of Coahoma County, Mississippi, against Summit Garden Apartments, LLC; Demetrius Stevenson-Williams; XYZ Corporations 1-3; and John Does 1–3, alleging that "uneven and unstable steps" at an apartment complex "managed and leased by Defendants" caused her to fall and suffer injuries and damages. Doc. #2. Summit Garden, invoking diversity jurisdiction, removed the case to the United States District Court for the Northern District of Mississippi on December 10, 2020. Doc. #1. The notice of removal asserts that Summit Garden is "a limited liability company whose

---

[1] Galmore's original state court complaint filed on September 24, 2020, did not name Stevenson-Williams as a defendant. *See* Doc. #1-2.

members are all individual resident citizens of Indiana;"[2] Galmore is a citizen of Mississippi; and, because Stevenson-Williams "has been fraudulently joined in this action solely for the purpose of defeating diversity," her citizenship must be disregarded. *Id.* at 2–3.

On December 15, 2020, Galmore filed a motion to remand this case to state court, Doc. #3, and a motion to conduct remand-related discovery, Doc.#5. On Summit Garden's motions,[3] the Court twice extended Summit Garden's deadline to respond to both motions, with the last deadline set as January 18, 2021. Docs. #8, #10. Summit Garden has not responded to either motion.[4]

## II
## Analysis

Although diversity jurisdiction requires complete diversity between the parties, improper joinder represents a "narrow exception" to the rule. *Vaillancourt v. PNC Bank, Nat'l Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014). Under the doctrine, "a district court is prohibited by statute from exercising jurisdiction over a suit in which any party … has been improperly or collusively joined to manufacture federal diversity jurisdiction." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (emphasis omitted). A defendant is improperly joined when "there is no reasonable

---

[2] The removal notice fails to identify each member and thus fails to specifically and affirmatively allege diversity jurisdiction. *See Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 408 n.1 (5th Cir. 2020) ("[T]o establish diversity jurisdiction, a party must specifically allege the citizenship of every member of every LLC.") (cleaned up); *PCS Nitrogen Fertilizer, L.P. v. Providence Eng'g & Env't Grp., LLC*, No. 20-856, 2020 WL 7646381, at *1 (M.D. La. Dec. 23, 2020) ("Allegations that members of limited liability companies are 'citizens of Louisiana' are insufficient. The members must be specifically identified.") (collecting cases). If Summit Garden is unable to amend the removal notice to reflect such, this case will be remanded.

[3] Docs. #7, #9.

[4] However, one day after the January 18 deadline expired, Summit Garden's counsel represented to the Court in an e-mail that the parties had agreed to "a thirty day period of time to conduct the Plaintiff's sought-after discovery and then to proceed with any necessary supplementation or response as to the Motion to Remand." While this representation indicates that Summit Garden does not oppose Galmore's motion for remand-related discovery, the motion will not be decided based on that fact. And to the extent that Summit Garden did not respond to the motion to remand by the January 18 deadline, it now must show both excusable neglect and good cause to be entitled to respond to the motion after the deadline.

basis … to predict that the plaintiff might be able to recover against [that] in-state defendant." *Id.* at 573.

When determining if a defendant is improperly joined, courts typically conduct a "Rule 12(b)(6)-type analysis," relying on the allegations in the complaint. *Id.* In limited circumstances, a court, in its discretion, may "pierce the pleadings and conduct a summary inquiry." *Id.* However, the Fifth Circuit has cautioned that in such cases, "[d]iscovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity." *Id.* at 574.

As grounds for conducting remand-related discovery, Galmore baldly asserts that discovery is necessary to show that she has viable claims against Stevenson-Williams, that she has not had an opportunity to engage in discovery with the defendants, and that the defendants' "responses to discovery are important to establishing that … Stevenson-Williams … was not fraudulently joined."[5] Doc. #5 at PageID 45. However, Galmore has not shown the necessity for such discovery. Though the motion states that Galmore "has reason to believe that Defendant Demetrius Stevenson-Williams knew or should have know of the defective condition of the subject steps," Doc. #5 at PageID 45, the allegations of her amended complaint—which would be accepted as true in a Rule 12(b)(6) analysis—state as much. *See* Doc. #2 at PageID 22 ("Prior to the subject accident, the apartment complex manager, Defendant, Demetrius Stevenson-Williams, was notified by tenants of the dangerous condition of the steps leading to Plaintiff's apartment and the need for repair."). Furthermore, Galmore has not explained how such discovery would be specifically tailored to the jurisdictional issue. For these reasons, the motion for remand-related

---

[5] In violation of the Local Rules, Galmore failed to file a memorandum brief in support of her motion. L.U. Civ. R. 7(b)(4). Such failure alone is grounds to deny the motion. *Id.* ("Failure to timely submit the required motion documents may result in denial of the motion.").

discovery will be denied.

### III
### Conclusion

Galmore's motion for remand-related discovery [5] is **DENIED**.

**SO ORDERED**, this 2nd day of February, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**